## LOGAN v. LOGAN.

1. General Statutes of Colorado, 1883, section 3627, provides that where, upon renunciation by the widow, "legacies and bequests" to other persons named in the will are increased or diminished, the court shall, in settling the estate, take from or add to them so as to put them upon the same relative footing they have had under the will. *Held*, that "legacies and bequests," as used in the statute, embraced "devises," and that upon renunciation by the widow, under section 2270, giving her in such case half of the whole estate, the will was not revoked as to a devise to one not an heir at law, but that such a devise abated one-half.

2. Where the widow renounces under General Statutes of Colorado, 1883, section 2270, giving her in such case one-half of the whole estate, and the estate is solvent, she is entitled to half the rents arising out of land devised under the will to one not an heir at law of the testator.

*Error to County Court of Arapahoe County.*

Mr. L. B. FRANCE, for plaintiff in error.

Mr. I. E. BARNUM, for defendant in error.

BECK, C. J. The matters in controversy in this case arise upon the construction of the statutes of this state relating to the disposing by will of the property of married men. Samuel M. Logan died in 1883, leaving him surviving, as his only heirs at law, Mary E. Logan, his widow, and three sons and one daughter. His estate consisted of four city lots in the city of Denver and some personal property. By his will he devised one lot to Mary J. Logan, the plaintiff in error, who was not an heir at law. A life estate in another lot was devised to Mary E. Logan, the widow, with remainder in certain proportions to his three sons. A third lot was devised to the three sons, in the same proportions, and the fourth in fee to his daughter, Isadore S. Logan. The widow renounced the provisions of the will in her behalf, and elected to take under the statute.

The main contention is as to the *status* of the lot devised to Mary J. Logan, upon the renunciation of the widow, and as to the effect of the renunciation upon the rights of said devisee. The view taken by counsel representing the plaintiff in error, as we understand him, is that a renunciation by a widow of the provisions made for her in the will of her husband, while it sets aside the will as to the heirs at law, does not in any manner affect devises or bequests made to persons not heirs at law of the testator, unless more than one-half of the estate is thereby given such persons. The reason assigned is that a testator is duly empowered by statute to dispose of one-half of his estate as he may see fit. In support of this view the first section of the statute of wills is cited, which provides that all persons having certain qualifications shall have power to dispose of their estate, real and personal, by will or testament, "except as provided in the statute concerning married women." That exception is: "In case any married man shall hereafter deprive his wife of over one-half of his property, by will, it shall be optional with such married woman, after the death of her husband, to accept the conditions of the will, or one-half of the whole estate, both real and personal." Gen. St. § 2270, ch. 72. It is contended that inasmuch as less than one-half the estate was devised to plaintiff in error (the only devisee or legatee who was not an heir at law of testator), the will must be wholly sustained as to her, and as to the lot devised to her. Counsel says that plaintiff in error must take the whole of this lot or nothing. These propositions are based upon the assumption that if the devise of this lot is affected by the renunciation the will is wholly set aside or destroyed in relation thereto. The counsel's attention was called by opposing counsel to the provisions of section 3627, chapter 115, General Statutes, viz., "in all cases where the widow shall renounce all benefit under the will, and the legacies and bequests therein contained to other persons shall, in con-

sequence thereof, become increased or diminished in amount, quantity or value, it shall be the duty of the court, upon the settlement of such estate, to abate from or add to such legacies and bequests in such manner as to equalize the loss sustained, or advantage derived thereby, in a corresponding ratio to the several amounts of such legacies and bequests, according to the intrinsic value of each." To this it was replied that the section quoted has nothing to do with the question in controversy, for the reason that the terms "legacy" and "bequest," according to their well-defined meaning in law, refer to gifts by will of personal property, and not of real estate; that this statute refers to a subject-matter. purely personal, whereas the controversy arises upon a devise which is a gift of real estate. The controversy depends upon the proper construction of the latter section. If the words "legacies" and "bequests," as used therein, relate to gifts by will generally, the section clearly indicates the legislative intent that wills are to be upheld, notwithstanding the renunciations of their provisions by widows of testators, as to all gifts of property thereby made to other persons, save only as to the *pro rata* change in "amount, quantity or value" produced by the renunciation. It is true that in their strict legal application the terms legacy and bequest refer to gifts by will of personal estate. There is nothing in the derivation of these words to so distinguish them, but such is their proper legal signification, as all authorities agree. It is a conceded fact, however, that they are not always employed according to their technical meaning, and that they are not always to be so construed. Mr. Webster says of the words bequeath and devise: "These words both denote the giving or disposing of property by will. Devise, in legal usage, is properly used to denote a gift by will of real property, and he to whom it is given is called a devisee. Bequeath is properly applied to gifts by will or legacy; *i. e.*, of personal property.

The gift is called a legacy, and he who receives it is called a legatee.   In popular usage, the word bequeath is sometimes enlarged so as to embrace devise, and it is sometimes so construed by courts."   Mr. Bouvier defines the term legacy to be a gift by last will.   He says: " The term is more commonly applied to money or personal property, although sometimes used with reference to a charge upon real estate."   And again: " A legacy to one and his heirs, although generally conveying a fee-simple in real estate, and the entire property in personalty, may, by the manner of its expression and connection, be held to be a designation of such persons as are heirs of the person named, and thus they take as purchasers by name." In 6 Bac. Abr. 161, it is said: " The word devise is specially appropriated to a gift of lands; the word legacy to a gift of chattels, though both are used promiscuously. The word legacy, used in a will, often refers to real as well as personal estate.   It must be explained according to the intention of the testator."

Our legislature has not always used these words in their strict legal sense, which fact of itself would authorize us to inquire in what sense they were employed in the present instance.   Section 3481, General Statutes, empowers testators to devise all their estate in "lands, tenements, hereditaments, annuities or rents, charged upon or issuing out of them, or goods and chattels and personal estate of every description whatsoever, by will or testament."   Section 2269 permits a married woman to make a will, but provides that " she shall not bequeath away from her husband more than one-half of her property, both personal and real, without his consent in writing."   It will be observed in the former section the word devise is applied to gifts of both real and personal estate, and in the latter the word bequeath is used in the same sense. Mr. Dwarris lays down, as the rule for construing wills, that " the intention shall prevail," and adds: "Where the intention of the testator is clear and obvi-

ous, it has been held that it will control the legal opera-
tion even of technical words." Page 176. In the same
connection, with reference to the construction of stat-
utes, he says: "The construction of a statute, indeed,
like the operation of a devise, depends upon the apparent
intention of the maker, to be collected either from the
particular provision or the general context. Acts of par-
liament and wills ought to be alike construed according
to the intentions of the parties that make them. So far,
instead of dissimilarity, there is resemblance." Page
174. He gives as a more guarded rule for the construc-
tion of statutes, "that effect shall be given to the inten-
tion whenever such intention can be indubitably ascer-
tained by permitted legal means." Page 181. In seeking,
then, for the sense in which these words were used in
the present instance, the first essential to a proper con-
struction of the section is easily acquired, viz., a clear
idea of the object in view. A previous section author-
izes the widow to partially defeat the provisions of the
will in certain cases. The power to interfere extends to
the entire estate of the testator, real and personal. The
plain purpose of this section was to authorize the courts
to treat the various provisions of the will as modified, to
the extent of the derangement, in order to preserve, as
to the balance of the estate not taken by the widow, the
same ratio of distribution thereof among the donees, so
far as values are concerned, as fixed by the terms of the
will. That this was the evil to be remedied, and the ob-
ject and purpose of the section, is patent upon its face.
Now it is apparent this purpose cannot be accomplished
by such an interpretation of doubtful words as will limit
the remedy to one class of property, which often com-
prises an insignificant part of an estate. The remedy
being provided for, "all cases where the widow shall re-
nounce all benefit under the will," and "loss is sustained,
or advantage derived thereby," by the donees, the con-
struction contended for would very clearly be in conflict

with the intent apparent on the face of the section, and legitimately collectible from the general context. While courts have nothing to do with the policy of an act of the legislature, and no right of control over the motives of legislators, it is their duty to carry into effect their intentions, where they can be definitely ascertained. We have here, as guides to the intention, the object in view, and likewise the cause or necessity of enacting the law. The statutes are to be construed with reference to the objects to be accomplished by them; and where a particular construction would lead to unreasonable results, a different construction is to be given, if it can be done without doing violence to the letter of the statute. No violence is done by giving the words referred to the enlarged application which the authorities above referred to hold to be admissible, and which the framers of these statutes have themselves applied. Our conclusion is that the provisions of the section are applicable alike to all classes of property, and to all legatees and devisees.

Were this a new question, as counsel suggest, we would not only deem the foregoing interpretation duly authorized by the reasons and considerations given, but consider it the duty of the court to accept it as the more reasonable construction. It is, however, not a new question. The same right to renounce the will and take under the provisions of the statute is afforded the widow under the statute of Illinois. Substantially the same provisions for equalizing gifts of real and personal estate exist there. They were literally identical with our section 3627, under consideration, from the year 1845 up to 1872. The only change made by the act of 1872 was to extend the provisions to a "surviving husband," so that the section now reads: "In all cases where a widow or surviving husband shall renounce all benefit under the will, and the legacies and bequests therein contained," etc. An. St. Ill. § 79, p. 225. The section appearing in

our statute is a literal transcript of section 44, page 545, of the Illinois Revised Statutes of 1845. Since the appropriation of that section by our legislature, and since the addition thereto of the words "or surviving husband," the supreme court of Illinois has decided that a will is not destroyed or set aside as to any gift made, whether of personal or real estate, by the renunciation of the widow, but that all legacies and bequests (which words are construed to include devises of real estate) are to be equalized under this statutory provision. *Marvin v. Ledwith,* 111 Ill. 144.

It follows that one-half of lot 32, block 49, east division of the city of Denver, devised to the plaintiff in error, became the property of the widow upon the renunciation by her of the provisions of the will. Also that the county court committed no error, the estate being solvent, in decreeing that the deficit in the widow's allowance should be paid out of the rents of the real estate, including said lot, and that one-half of the rents of said lot, in the hands of the administrator, belonged to the widow, as owner in fee of one-half of said lot.

The judgment is affirmed.

*Affirmed.*