AMERICAN NATIONAL RED CROSS *v.* FELZNER POST, INCORPORATED.

[No. 12,906. Filed January 27, 1928.]

1. APPEAL.—*Plaintiff recovering judgment against defendant cannot contend that latter has no right to appeal.*—Where an incorporated company of ex-service men commenced an action to gain possession of a trust fund raised during the World War for the benefit of the men and women in the service and their families, and made the American Red Cross (to whom

American Nat. Red Cross *v.* Felzner Post—86 Ind. App. 709.

the balance remaining at the end of the war had been transferred) a party to answer as to its interest, the plaintiff, having been awarded judgment, will not be allowed to contend that the defendant has no right to appeal therefrom.    p. 714.

2.   EVIDENCE.—*Indiana courts take judicial notice of United States statutes.*—Our courts take judicial notice of the statutes of the United States, since they are a part of the law governing the state (§244 Burns 1926).   p. 714.

3.   EVIDENCE.—*Indiana courts take judicial notice of the regulations of governmental and quasi governmental agencies administering public charities and even of the provisions of their charters.*—Indiana courts take judicial notice of the regulations of governmental and *quasi* governmental agencies which were administering public charities during the World War and since, and of the provisions of the charters of private corporations discharging public charitable functions.   p. 714.

4.   EVIDENCE.—*Courts take judicial notice of the federal organization, powers and purposes of the American National Red Cross.*—The courts take judicial notice that the American National Red Cross is a corporation by act of Congress (2 Fed. Ann. 59-64); that it was organized to carry on a system of national and international relief in time of war and peace, that it has authority to accept bequests for such purposes; that it is required to organize subordinate agencies; that county "chapters" are its local agencies, through which it acts locally, and for whose acts it is responsible.   p. 714.

5.   CHARITIES.—*American National Red Cross had interest in charitable funds transferred to a local chapter thereof, which it could defend in trial court and on appeal.*—A county chapter of the Red Cross is a subordinate agency of the American National Red Cross, and a transfer to it of funds raised and intended to be used for charitable purposes was a transfer to the parent organization, thus giving it a primary interest in the fund which it could defend in a trial court and on appeal. p. 715.

6.   CHARITIES.—*Fund raised for relief of ex-service men and their families properly transferred to local chapter of Red Cross, and the American National Red Cross thereby became a trustee to carry out purpose of donors.*—Where the executive committee of a county "war chest" fund, raised by subscription during the World War, appropriated the balance on hand to a local chapter of the Red Cross, for the benefit of ex-service men and their families, such fund rightfully belonged to the American National Red Cross as trustee of a charitable fund to be administered for a specified purpose.   p. 715.

7. CHARITIES.—*Donors of money to "war chest" fund, transferred, after the war, to local chapter of Red Cross, could not question right of Red Cross thereto.*—Where money was subscribed during the World War to a county "war chest" fund, and, after the close of the war, the balance on hand was transferred by the executive committee of the fund to the local chapter of the Red Cross for the relief of ex-service men and their families, the donors of such fund could not question the right of the Red Cross thereto, as it had passed beyond their control. p. 715.

8. CHARITIES.—*Legion post subsequently organized cannot question right of Red Cross to administer "war chest" fund properly transferred to it.*—A post of the American Legion cannot question the right of the American National Red Cross to administer a "war chest" fund, raised during the World War, which, after the war, was transferred to a local chapter of the Red Cross for the benefit of ex-service men and their families, such post not being in existence at the time the donations were made, and therefore a stranger to the transaction, especially where it was planned to use such fund for the erection of a clubhouse for the post, a purpose wholly foreign to that of the donors. p. 716.

9. CHARITIES.—*"War Chest" fund, transferred, after the war, to local chapter of Red Cross, for relief of ex-service men and their families, constituted valid charitable trust.*—Where the executive committee of a county "War Chest" fund, after the close of the war, transferred the balance on hand to a local chapter of the Red Cross, for the relief of ex-service men and their families, the American National Red Cross became the trustee thereof, the local chapter being one of its agencies in carrying on the purposes for which the organization was formed, and, therefore, there was a competent trustee, the class of beneficiaries was definitely designated, with power in the trustee to select the individuals in the class to be helped, thus constituting a valid charitable trust, which the court was without power to dissolve. p. 716.

From Parke Circuit Court; *W. Bert Conley*, Special Judge.

Action by the Felzner Post, Incorporated, against the American National Red Cross and others. From a judgment for plaintiff, the named defendant appeals. *Reversed.* By the court in banc.

*Miller, Dailey & Thompson, Samuel D. Miller, Thomas D. Stevenson* and *H. J. Hughes,* for appellant.

*Benjamin F. Stephenson, James O. Hanner, J. M. Johns, Forest Ingram* and *George L. Laney,* for appellee.

NICHOLS, J.—Action by appellee against appellant and the Parke County Chapter American National Red Cross, Walter E. Ferguson, Alfred H. Stark and Nellie Catlin, respectively chairman, treasurer and secretary of the Parke county chapter of appellant, "in equity for the possession of a trust fund held for the benefit of ex-service men and their families." The nature of the action was to recover for appellee, an incorporated company organized by Parke county service men, a fund of $7,361.30, alleged to be in the hands of the Parke county chapter of the American National Red Cross and to have been held by such chapter in trust for the use and benefit of service and ex-service men and women of Parke county.

There was a trial by court which resulted in a judgment for appellee, from which this appeal.

The only error assigned is that the court erred in overruling appellant's motion for a new trial, which motion specified that the decision of the court was not sustained by sufficient evidence and was contrary to law.

The substantial undisputed facts as they appear by the evidence are that: appellee is duly incorporated under the laws of Indiana. There was raised in Parke county, Indiana, during the progress of the World War —from May 1, 1918, to May 1, 1919—$53,606.61. Such sum of money was raised by the people of Parke county, Indiana, and subscribed by the people of said county for the purpose of aiding and assisting the men and women in the military or naval service of the United States, and to give them aid and assistance over and above that usually furnished by the United States to her armed forces. There was one common fund in

Parke county, known as the "War Chest." The moneys so raised were to be paid to the various organizations doing relief and service work for the armed forces of the United States. Appellant was among such organizations for which the moneys were raised. All such organizations were mere trustees of such moneys voted them by the so-called "War Chest" and, as such trustees, they were to administer the same for the benefit of the armed forces or those serving with such forces of the United States. Moneys from this "War Chest" were voted to appellant and other kindred organizations from time to time during the progress of the World War, and appellant, during the progress of the war, was voted and received from the "War Chest" its full quota and percentage.

At the close of the war—which close came sooner than anticipated—there remained in the hands of the War Chest $6,016.28.

Those in charge of such funds were the trustees for the donors thereof, and wishing to relieve themselves of the care thereof, on September 15, 1919, turned over to the Parke county chapter of the American National Red Cross all of the $6,016.28, such chapter being a branch of appellant Red Cross. The sum so turned over, by accretions, now amounts to $7,361.30. Whether said Parke chapter of the American National Red Cross received and accepted such sum and has since held and administered it and has held it in the capacity of a trustee, or as a charitable gift, is immaterial for the purpose of this case.

At the time said fund was so turned over to appellant's said chapter, there was no organization of ex-service men in Parke county so organized as to take said trust fund and administer it.

The undisputed evidence shows that the money was turned over to appellant to be used for the relief of dis-

tress among service and ex-service men, their families and dependents, in Parke county, Indiana, and was not to be used elsewhere, and that, from the time the fund was turned over to appellant until time of suit, it was administered in accordance with the purpose of the transfer by the Parke county chapter of appellant, which was an active chapter functioning as such at all times here involved.

Appellee's first contention is that appellant does not have such an interest in the matter in controversy as to entitle it to appeal. Appellee says that it made appellant a party to the action that it might answer as to its interest. Having so answered and the finding having been against appellant, appellee would now preclude it from any right of appeal to correct any alleged errors of the trial court. We are not favorably impressed with appellee's contention. It needs no further consideration. Nor are we in harmony with appellee's contention that the record clearly shows that the appellant has no interest whatever in the funds in controversy.

This court takes judicial notice of the statutes of the United States, such statutes being a part of the law governing the state. §244 Burns 1926. Regulations of governmental and quasi-governmental agencies and of the provisions and charters of private corporations discharging public charitable functions, are also matters of judicial notice. *Baltimore, etc., R. Co.* v. *Berdon, Admr.* (1924), 195 Ind. 265, 272, 145 N. E. 2.

We, therefore, judicially know that appellant is a corporation by act of Congress, 2 Fed. Ann. (2d) pp. 59-64, and that it functions in furnishing volunteer aid to the sick and wounded in time of war, in matters of voluntary relief, and in accord with the military and naval authorities as a medium of commu-

nication between the people of the United States and their armed forces, and "to continue and carry on a system of national and international relief in time of peace," etc., that it has authority to accept bequests for such purposes, that it is required for said purposes to organize subordinate agencies, and that the county chapters, such as the one here involved, are but the local agencies through which it acts and for which it is responsible.

The Parke county chapter of the Red Cross was and is, therefore, but a subordinate organization and agency of appellant, a transfer of funds to it, either as 5. a gift or a trust, was a transfer to appellant, and it had a primary interest in such fund which it certainly might defend in the trial court and on appeal.

That appellant was one of the agencies to which the donors to the "War Chest" intended their money to be paid, and through which they intended that it 6, 7. should be distributed, and that it had, before the money here in controversy was paid to it, received contributions from the fund and distributed the same in accordance with the purposes for which the fund was raised is undisputed. At the close of the war, the executive committee of the "War Chest" fund, exercising the authority and discretion which had been given it, appropriated the balance in hand, being the fund here in controversy, to appellant's chapter, which was, in effect, an appropriation to appellant. Such appropriation was, in fact, made by the donors through the agency which had been lawfully created to receive the donations and to distribute them. The fund was, then, rightfully in the hands of appellant, as trustee of a charitable fund to be administered for a specified purpose, and it fully appears that it was being so administered by appellant at the time this action was commenced. None of the donors nor the Parke County War Asso-

ciation challenges appellant's right to the fund, and if such challenge were made, it would be without avail, for the fund is beyond the donors' control. *Richards* v. *Wilson* (1916), 185 Ind. 335, 383, 112 N. E. 780.

Certainly, such gift may not be set aside at the instance of appellee, an organization not even in existence at the time the donations were made, in no sense a beneficiary of the fund, not including in its organization all those who were entitled to the benefit of the fund according to the terms of the gift, and that it might use the gift for the erection of a clubhouse which was wholly foreign to the purpose of the donors. Being an entire stranger to the transaction, it may not attack it. *Union Trust Co., Gdn.,* v. *Children's Aid Assn.* (1922), 77 Ind. App. 575, 581, 134 N. E. 207.

It clearly appears that appellant was a competent trustee to receive the fund for the purpose for which it was transferred to it; that the use to be made of it was of a charitable character, if not identically the same in purpose as contemplated by the donors, as nearly thereto as conditions would permit; that it received the fund lawfully from those who had a right to transfer, for the specified charitable use; that it was regularly administering the fund in accordance with the terms of the transfer; and that the class of beneficiaries was definitely designated with power in the trustee to designate the individuals in the class. It was, therefore, a valid charitable trust that the court was without power to dissolve.

Under the undisputed facts, the law is with appellant, and, under the facts, appellee cannot possibly maintain any action. The cause is reversed, with instructions to the trial court to dismiss the complaint.