STATE, Appellant, v. AMERICAN NATIONAL RED CROSS, of Washington, D. C., Respondent.

(245 N. W. 399.)

(File No. 7343. Opinion filed November 28, 1932.)

*M. Q. Sharpe,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for the State.

*Gunderson & Gunderson,* of Vermillion, and *Davis, McLaughlin & Hise,* of Des Moines, Iowa, for Respondent.

WARREN, J. In January, 1919, at Sioux City, Iowa, the testator, Theodore Engles, made his last will and testament. He died at Rochester, Minn., in October, 1925. During the last twenty years of his life he owned and resided on an eighty-acre tract of land in Bethel township, Clay county, S. D. He died without heirs or next of kin. The estimated worth of the real property was about $12,000, and there was some $2,000 of personal property. The said last will and testament bequeathed to one of his friends, Micheal Fisher, forty acres of land, and also forty acres to his friend Andrew Fisher; and it will be observed that the said last will and testament was made a little more than six years prior to his death. The balance of his property was disposed of by the fourth clause or paragraph, which reads as follows: "Fourth. The balance of my property both real and personal, I give and bequeath to Red Cross Society."

Said will was prepared by one Sam Jacobson, a banker, and who was also named as executor of testator's will. It was witnessed by Micheal Fisher and Edward Mart. Micheal Fisher, the devisee named in paragraph 2, was one of the two witnesses to the said last will and testament. It is contended by the American National Red Cross that the real estate passes to it under the fourth paragraph or residuary part of said will. The state of South Dakota contends that said real estate passes to it (the state) for want of legal heirs. Five propositions were presented for consideration in the trial court, and, for a better understanding of the matters involved, we are enumerating them.

"1. Does a devise to a person who is also one of the two subscribing witnesses to the will fail because of the fact that the said devisee is such a witness?

"2. Does a specific devise which fails pass under the residuary clause of the will, or does it go to the heirs at law, or in the absence of such heirs, to the state?

"3. Is the language designating the residuary devisee, to-wit, 'Red Cross Society,' sufficiently definite to identify the American National Red Cross?

"4. Can the American National Red Cross receive bequests and devises under its charter?

"5. Can the American National Red Cross receive bequests and devises by way of charitable uses or trusts?"

The executor made his final account and report and filed his petition for final distribution in the county court. The state intervened claiming the balance or residue of the property under the escheat laws, claiming also that the forty acres was not intended by the testator to pass by the residuary clause, the same being a specific devise. In addition to the American National Red Cross of Washington, D. C., filing its petition in intervention, the Wakonda branch of the Clay County Chapter of the American National Red Cross also intervened, claiming that it was entitled to all of the residue, including the forty acres in question. From the decision of the county court, the state and the American National Red Cross appealed to the circuit court of Clay county.

The circuit court at the conclusion of the trial made its findings, conclusions, and judgment in favor of the interveners, the

American National Red Cross of Washington, D. C., to the effect that it was entitled to the property in controversy, including the real estate.

Upon the appeal to this court, we believe that certain questions raised by the assignments of error eliminates Micheal Fisher's claim to the property on account of the fact that he was one of the two attesting witnesses to Engles' will and that the specific devise to said Fisher in paragraph 2 of said will was and is clearly void under section 638, S. D. Rev. Code 1919, which provides as follows: "All beneficial devises, legacies or gifts whatever, made or given in any will to a subscribing witness thereto, are void, unless there are two other competent subscribing witnesses to the same. * * * "

The forty acres specifically devised to Micheal Fisher in paragraph 2 being void, does it go to the heirs at law or in the absence of such heirs to the state? Three sections of our statutes seem to point the way in determining the construction to be placed upon testator's testament and especially the legal effect where a certain object of his bounty fails by virtue of the person to receive the bounty being legally incapable of receiving the gift. Sections 642, 657, and 658, of the 1919 S. D. Rev. Code, provide in part as follows:

"§ 642. *After-Acquired Property Passes by Will.* * * * Every will made in express terms, devising, or in any other terms denoting the intent of the testator to devise all the real estate of such testator, passes all the real estate which such testator was entitled to devise at the time of his decease."

"§ 657. *When All Property Passes.* A devise or bequest of all the testator's real or personal property, in express terms, or in any other terms denoting his intent to dispose of all his real or personal property, passes all the real or personal property which he was entitled to dispose of by will at the time of his death."

"§ 658. *Devise of Residue Passes All Not Otherwise Devised.* A devise of the residue of the testator's real property passes all the real property which he was entitled to devise at the time of his death, not otherwise effectually devised by his will."

By the foregoing sections, and especially section 658, it is quite plain that the common-law rule has been abrogated, and that, instead of the heirs at law inheriting when a specific devise fails

for any reason, or in their absence it escheats to the state, it now passes under the residuary clause and finds its way into the residuum in such a way as to convey such land to the residuary legatee, and in this case to the American National Red Cross, if the language in the residuary clause is sufficiently specific and definite in its terms to identify it as the beneficiary which the testator had in mind and wished to endow.

Appellant urges the failure of testator to specifically name and identify the beneficiary in the residuary clause, in that he used the term "Red Cross Society"; that the designation is so uncertain that it may mean the American National Red Cross of Washington, D. C., or it may mean the local Chapter of the Red Cross of which he was a member, and that it is therefore most likely that he wished to bestow the gift upon the local organization. Appellant further urges that the language is insufficient to pass the real property to the "Red Cross Society" in that the testator used only the words "give and bequeath" and failed to use the usual term "devise." An investigation of authorities as to what particular society testator had in mind seems to indicate that the words "Red Cross Society" means the national organization. See American National Red Cross v. Felzner Post (1928) 86 Ind. App. 709, 159 N. E. 771. This belief is strengthened by the wording of the congressional act or charter creating the American National Red Cross (36 USCA § 1 et seq.). 36 USCA § 4 of said act of Congress being as follows: "It shall be unlawful for any person * * * to use within the territory of the United States of America and its exterior possessions the emblem of the Greek red cross on a white ground, or any sign or insignia made or colored in imitation thereof or of the words 'Red Cross' or 'Geneva Cross' or any combination of these words."

It would therefore seem that there is some presumption at least when one speaks of the Red Cross or the Red Cross Society that the speaker, when not limiting and specifically pointing out the fact that he has in mind a different organization, such as local chapters, he means the American National Red Cross. If it were the wish of the testator to bestow upon the Wakonda Branch of the Clay County Chapter of the Red Cross, it is quite natural that he would have used appropriate language to refer directly by name

or some suitable way of designating the local chapter or organization. We feel that the learned trial court was fully justified under the evidence in so finding and that we are not warranted in disturbing his findings and conclusions as to the intention of the testator.

Did the testator, by using the words "I give and bequeath" successfully accomplish the purpose of vesting the title to the real property in question in the intervener, the American National Red Cross? A determination of that question depends largely upon the purpose and power of the intervener as expressed in its charter. We find among its express provisions the following: "To have and to hold such real and personal estate as shall be deemed advisable and accept bequests for the purpose of this corporation hereinafter set forth."

In the case of Logan v. Logan, 11 Colo. 44, 17 P. 99, 100, the Colorado Supreme Court said: "The word 'devise' is specially appropriated to a gift of lands; the word 'legacy' to a gift of chattels, though both are used promiscuously. The word 'legacy,' used in a will, often refers to real as well as personal estate. It must be explained according to the intention of the testator."

In Neblett v. Smith, 142 Va. 840, 128 S. E. 247, 251, we find "bequest" construed as follows: "Bequests usually deal only with personal property, while gifts have a wider significance. The definitions of these words are not rigid. 'Courts often construe the word "bequest" to mean "devise" and "devise" to mean "bequest." ' "

And in Rountree v. Pursell, 11 Ind. App. 522, 39 N. E. 747, 749, the Appellate Court of Indiana said: "The appropriate term in disposing of personalty by will is 'bequeath,' and a bequest is a gift by will of personal property; but in order to favor the manifest intent of the testator, as shown by the context of the will the courts often construe the word 'bequest' to mean 'devise,' and 'devise' to mean 'bequest.' The same rule prevails in the construction of statutes in reaching the legislative intent."

In Maibaum v. Union Trust Co., 291 S. W. 924, 928, the Texas Court of Civil Appeals said:

"A legatee, as used in a will, may be defined to be a devisee of personal property, and sometimes used to embrace a devisee of lands.

"The term 'devise' in a will is ordinarily used to denote a gift of land, but, if the context shows its use in a different sense, then that sense or intent of the testator in the disposition of the property will be given effect."

The Supreme Court of Oregon, in Stubbs v. Abel et al, 114 Or. 610, 233 P. 852, 857, 236 P. 505, held: "'None of these words have so fixed a legal meaning, however, that a gift will fail because testator does not use the words descriptive of the gift or the act of giving with technical accuracy. A "devise" is often miscalled a "bequest," or "bequest" is often used to include both realty and personalty, or is used of a gift of money alone.' Page on Wills, page 3,"

In the same opinion, we find the rule announced in Underhill on Law of Wills, p. 431, is quoted with approval: "The words 'legatee' and 'devisee' are frequently used by the testator interchangeably, with a preference for the former word, as one with which testators are more familiar."

While the word "devise" is undoubtedly the appropriate term to pass title to real estate, yet the testator used the words "give and bequeath." He has accomplished the purpose, and he should not be held in strict adherence to technical words to give effect to his intention, and the fact that he failed to use the word "devise" does not prevent the title to the real estate passing by the use of the words "give and bequeath." A number of other decisions amply sustain such construction of the residuary paragraph.

The powers of the American National Red Cross corporation under the acts of Congress are sufficiently broad to receive the testamentary disposition of the testator and are not prohibited by or in conflict with section 608, 1919 S. D. Rev. Code.

The provision in the intervener's charter reads as follows: "To have and to hold such real and personal estate as shall be deemed advisable and to accept bequests for the purpose of this corporation hereinafter set forth."

The clause in said charter "To have and to hold such real and personal estate" is sufficient in and of itself to constitute an express authorization to accept real estate by devise even if the latter provision to accept bequests be restricted to personal property, and the right granted under the charter "to have and to hold such real

estate" necessarily carries with it the right to acquire such real estate by testamentary disposition of real estate as made by the testator in the residuary clause of his will.

The specific devise to 'Micheal Fisher, one of the witnesses, having failed, the real property mentioned in paragraph 2 of said will was not otherwise effectually devised by said testator; it therefore passed into the residuum of his estate and became vested in the American National Red Cross as a residuary legatee, under paragraph 4 of said will, pursuant to section 658 of the 1919 S. D. Rev. Code.

The old saying, "Let the shoemaker stick to his last," is peculiarly applicable to this case. The banker who drew the will may have been a good banker, but, had the will been prepared by a lawyer, Micheal Fisher may not have failed to receive the forty acres of land the testator intended he should have.

The findings of fact of the trial court are in harmony with the evidence; the conclusions and judgment are consistent with the law applicable to the construction and effect to be given to the last will and testament of the testator. Other assignments of error urged, we feel, are not prejudicial.

The order and judgment appealed from are therefore affirmed.

POLLEY, J., concurs.

CAMPBELL, P. J. I concur in the result arrived at by the foregoing opinion.

ROBERTS, J., disqualified and not participating.

RUDOLPH, J., dissents.