31130. RAGAN *et al.* v. DODGE COUNTY CHAPTER, AMERICAN RED CROSS.

DECIDED FEBRUARY 2, 1946.

*Thomas J. Sappington,* for plaintiffs.

PARKER, J.   A summons of garnishment based on a judgment in favor of C. A. Ragan and Charles Smyly, trading as Citizens' Clearing Bank, against Carey G. Bullock, was served on the Dodge County Chapter, American Red Cross.   The case was dismissed on motion of the garnishee "for the reason that the American Red Cross, this chapter being a branch thereof, is an arm and branch of the United States Government, and is not subject to any such proceeding."   The exception here is to that judgment.

The sole question for our consideration is whether The American National Red Cross, hereinafter referred to as "the Red Cross," is subject to the process of garnishment or is exempt therefrom as a governmental agency.   This question seems to present a case of first impression in this State.   No authorities directly controlling on the point have been cited in the briefs of counsel for the parties, and we have met with little success in finding cases that may serve as precedents.

The Red Cross is a corporation chartered by the Congress of the United States.   36 U. S. C. A., § 2.   Its purposes are well-known to the general public, and the court will take judicial notice that it is a relief organization serving the sick and wounded in time of war and in matters of voluntary relief against pestilence, famine, fire, floods, and other national calamities in time of peace. American National Red Cross v. Felzner Post Inc., 86 Ind. App. 709 (159 N. E. 771).   If the objects and purposes of the Red Cross were controlling on the question before us, we would be inclined to hold as a matter of public policy that it was not subject to garnishment; but other matters necessarily enter into a proper consideration of the question before the court.

The charter creating the Red Cross and enumerating its powers

endows it "with the power to sue and be sued in courts of law and equity within the jurisdiction of the United States." Construing a like provision in a similar charter, the court held in Lyle v. National Home for Disabled Volunteer Soldiers, 170 Fed. 842, that the defendant was not subject to suit in an action sounding in tort, to recover damages for the alleged unlawful and wrongful or negligent acts of its officers in diverting and polluting the waters of a spring situated on lands of the plaintiff. This ruling was made, although the power "to sue and be sued in courts of law and equity" was conferred on the defendant corporation in that case by the statutes of the United States. The Home was held to be exempt from a tort action for the reason that it was a charitable institution engaged as an agency of the Federal Government in the discharge of a governmental function. The same rule was applied in Overholser v. National Home, 68 Ohio St. 236 (67 N. E. 487, 62 L. R. A. 936, 96 Am. St. R. 658) ; and also in Ohio v. Thomas, 173 U. S. 276 (19 Sup. Ct. 453, 43 L. ed. 699). However, in National Home &c. v. Parrish, 229 U. S. 494, 498 (33 Sup. Ct. 944, 57 L. ed. 1296), it was held that the Home was liable in suits to enforce contractual obligations under the charter power to sue and be sued given it by Congress. This decision makes a distinction between those cases holding that governmental agencies of an eleemosynary or charitable nature may not be sued in tort and those cases holding that they are subject to liability in actions on contracts.

In the case of Federal Land Bank v. Priddy, 295 U. S. 229 (55 Sup. Ct. 705, 79 L. ed. 1408), it was held that Federal land banks are instrumentalities of the Federal Government, engaged in the performance of an important governmental function; and that, so far as they partake of the sovereign character of the Government, Congress has full power to determine the extent to which they may be subjected to suit and judicial process. This case also holds that whether Federal agencies are subject to suit, and, if so, the extent to which they are amenable to judicial process, is thus a question of the Congressional intent; and that the act creating Federal land banks with the power to sue and be sued was evidence of the Congressional judgment that liability to suit was not an obstacle to the performance of governmental functions committed to such banks. By analogy it may be said that subjecting the

Red Cross to liability on contractual claims or obligations is no hindrance to the performance of its governmental functions.

The earliest leading case dealing with the liability of Federal agencies to garnishment proceedings was Buchanan v. Alexander, 4 How. 20, 21 (45 U. S. 20, 11 L. ed. 857), decided in 1846. The holding there was that, in the absence of an express statutory provision to the contrary, governmental instrumentalities cannot be subjected to the process of garnishment. However, since that case there has been a steady tendency away from governmental immunity, which has culminated in a partial reversal of that decision. Gould Coupler Co. v. United States Fleet Corp., 261 Fed. 716, 718 (D. C., N. Y., 1919). And many States have passed statutes expressly permitting the action of garnishment against governmental agencies, though a few others have codified the common-law rule of immunity. See 32 Illinois Law Review, p. 484. In view of the present tendency to attach the same liabilities to government agencies that are attached to private individuals and corporations, the general provision to "sue and be sued" should be liberally construed, and once Congress has authorized an agency to "sue and be sued," restrictions on that grant should be imposed only when clearly shown to have been intended. Federal Housing Administration v. Burr, 309 U. S. 242 (60 Sup. Ct. 488, 84 L. ed. 724). The later cases seem to reach the holding of non-immunity from garnishment as applied to governmental agencies on the basis of the "Congressional intent" theory. Federal Land Bank v. Priddy, supra. See 89 University of Pennsylvania Law Review, p. 482. Congress has declared in the creative act that the Red Cross may sue and be sued, and no limitation is imposed upon this Congressional determination and declaration.

No Federal statute exempting the Red Cross from garnishment proceedings has been brought to our attention. There are no exemptions under the garnishment statutes of Georgia in favor of the Red Cross or any other particular kind of corporation, except fraternal-benefit societies (which may be incorporated), as provided in the Code, § 46-213. The salary of officers or employees of an incorporated town, city, county, or the State government, or any department or institution thereof, is subject to garnishment since the passage of the act approved March 9, 1945 (Ga. L. 1945, p. 438), in the manner therein provided. We are mindful of the

ruling that a national bank's property is not subject to attachment before final judgment, as was held in *Planters' Loan and Savings Bank* v. *Berry*, 91 *Ga.* 264 (18 S. E. 137). That holding is based, as stated in the decision, on a statute of the United States which prohibits the seizure of the property of a national bank by virtue of any attachment, issued under a State law and returnable to a State court, before final judgment has been rendered.. In the absence of an exemption from suit under some Federal statute or under the laws of this State, and there being no established public policy against suits on contractual obligations of organizations like the Red Cross, we hold that the defendant in this case was subject to the process of garnishment served upon it, it not appearing that the action was a proceeding in tort; and the court erred in dismissing the case.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*