## DUKEK v. GROSS et al.*
### (No. 1406; Jan. 31, 1927; 252 Pac. 789.)

APPEAL AND ERROR—INTEREST OF APPEALING PARTY—DISMISSAL.

1. In action to foreclose real estate mortgages and chattel mortgage on crop, defendant joined in suit, who, in pleadings, denied interest therein, but at trial claimed to have replevied crops of mortgagor, could not appeal from judgment of foreclosure because having no appealable interest, where no proof was disclosed that he had any right or title to crops sought to be replevied.

2. Person appealing, even when party, must have interest in subject-matter of suit; otherwise appeal will be dismissed.

*See Headnotes: (1) 3 CJ p. 628n. 93 New.   (2) 3 CJ p. 624 n. 18.

APPEAL from District Court, Laramie County; WILLIAM A. RINER, Judge.

Action by Charles Dukek against Charles C. Gross, Thomas E. Robinson, and others. Judgment for plaintiff, and defendant Charles C. Gross appeals. Heard on motion to dismiss, on ground that appellant had no interest in the subject-matter of the suit.

*Walter Q. Phelan* and *John F. Delaney*, for appellant.

No interest can be acquired by third parties in the subject-matter of a suit, while the same is pending; 5644 C. S. Robinson confessed judgment and payed for the appointment of a Receiver; he is therefore estopped from denying interest; 2 Freeman on Judgments, 1395-1397. A judgment, regular on its face, cannot be collaterally impeached by one whose rights could not have been affected thereby at the time of its rendition; Bennett v. Wilson, 85, A. S. R. 207; Green v. Berge, 105 Cal. 52, 45 Am. St. Rep. 27. A party whose interest is in conflict with reversal, must be served as parties; Auback v. Dahler, 43 P. 192; Tillman v. Almance, 74 P. 529. Respondent, Dukek, caused judgment to be entered against Robinson

for $1,666.75, when Robinson was only responsible for $200.00, or $100.00 for each of the purchase money mortgages as provided in the mortgage; Robinson is interested in beating his creditors under the deed of assignment.

*Donzelmann & Piggott* and *Kinkead & Ellery*, for respondent.

POTTER, Justice.

This case has been heard upon a motion to dismiss the appeal. The stated ground is that the principal defendant below, Thomas E. Robinson, has not been made a party to the appeal, notwithstanding his rights will be affected by a reversal of the judgment. The action was brought by Charles Dukek against Thomas Robinson, Charles E. Gross and others as defendants. It was dismissed on the trial in the district court as to all except Robinson and Gross, and judgment was rendered for the plaintiff against Robinson and Gross upon all of the issues. Gross is the only appellant, and Dukek, the plaintiff below, the only respondent; and the appeal is from that part only of the judgment which orders the sale of personal property covered by a certain chattel mortgage executed by Robinson to Dukek. The notice of appeal, however, complains also of certain findings found in stated paragraphs of the judgment referring to that chattel mortgage and the personal property therein described. The action was brought to foreclose two real estate mortgages and the said chattel mortgage, the latter covering crops raised and located upon the lands covered by the real estate mortgages, all of them having been executed and given by Robinson to Dukek, or as in the case of one of the real estate mortgages, executed and given to Dukek's assignor. And the only averment in the petition with reference to Gross was that he was claiming some right, title or interest in the mortgaged land and crops, but that whatever right he might have is junior and inferior to plaintiff's mortgage lien. The defendant Gross

filed an answer, however, consisting only of a general denial, thereby denying each and every allegation contained in said petition not specifically admitted. And it contained no averment that he either had or claimed any interest whatever in the premises or crops covered by the said mortgages respectively. It appears, however, that upon the trial Gross was permitted to introduce some evidence over the objection of opposing counsel tending to show that he had brought a pending replevin suit in the same court against Robinson to recover possession of certain crops, presumably the same crops covered by the chattel mortgage aforesaid, though it is doubtful if that fact was definitely shown, and that in said replevin suit Robinson had executed and filed a redelivery bond whereupon the crops described in the replevin action had remained in the possession of Robinson. Nothing was shown by said testimony, however, except the fact of the bringing of the replevin action, the giving of the redelivery bond, and the retention of the property by Robinson. The nature of the claim of Gross, if any, to said crops or to any corps or any other property was not disclosed by the testimony and there is no proof in the record to show that he had in fact any right or title to the crops sought to be replevied by said action.

It would seem, therefore, that irrespective of the question raised as to the necessity of making Robinson a party to the appeal, another and all-sufficient ground for its dismissal would be the fact that Gross is not shown to have any appealable interest in the cause. Claiming no interest by his answer, but substantially denying any, and showing none by the evidence, none could have been awarded him, and his appeal must necessarily be without merit. Certainly, the court could not have entered any finding, judgment or decree in his favor, since he had disclosed no fact showing that he had any interest whatever in any of the property involved in the action except the mere fact that he had claimed an interest therein by

bringing the replevin action, which does not appear to have been disposed of at that time; though we understand from the argument of counsel for the appellant here that the replevin case was finally decided against him and that it is now pending on his appeal in this court.

But the judgment of the lower court in ordering the sale of all of the mortgaged property to satisfy the amount due as determined by the findings and judgment ordered that the chattel mortgaged property be first sold; that is to say in advance of the sale of the lands. And it is contended by reason of that fact that the defendant Robinson is particularly interested in the appeal, which seeks a reversal of that part of the judgment which regulates the order in which the mortgaged property shall be sold, since he would be benefitted thereby in the absence of any showing that there was an opposing claim to the mortgaged lands, for he would be relieved by the sale of the chattel mortgaged property of any supposed claim of Gross. And we think there might be sufficient in that contention to sustain the motion to dismiss the appeal. But the fact of the absence of any appealable interest in Gross would be alone sufficient to require the granting of the motion. The general rule is well stated in 3 C. J. 623, where it is said:

"It is necessary to a valid appeal or writ of error that appellant or plaintiff in error, even when a party, should have an interest in the subject matter of the suit or controversy, and if he has no such interest, the rule is well settled that his appeal or writ of error will be dismissed."

The motion to dismiss must be sustained, and it will be so ordered.

*Motion to Dismiss Sustained.*

BLUME, Ch. J., and KIMBALL, J., concur.