<hr />

In Re OTTING'S ESTATE.

SIEKERMANN, Appellant, v. KNIGHT, et al, Respondents.

(233 N. W. 274.)

(File No. 7074.   Opinion filed December 5, 1930.)

*James O. Berdahl,* of Sioux Falls, for Appellant.
*Danforth & Barron,* of Sioux Falls, for Respondent.

BURCH, J.   On October 11, 1926, Henry Otting executed an instrument purporting to be his last will and testament.   When this instrument was offered for probate, Tessie A. Siekermann contested.   The county court admitted it to probate, and on appeal to the circuit court the action of the county court was affirmed.   The case is before us on appeal from the action of the circuit court.

There are but two questions presented by the assignments: First, the competency of one of the subscribing witnesses; second, the sufficiency of the evidence to support the judgment.

We first review the sufficiency of the evidence.   It is claimed that the will was procured by fraud and undue influence. We have carefully examined all the evidence, and do not think it would serve a useful purpose to set it out in detail.   There is no evidence of fraud.   As to undue influence, the evidence is exceedingly meager.   Testator was about eighty-four years old, but seems to have had a vigorous and determined mind, and nothing indicates that it was weakened by age or disease.   He had no relatives nearer than cousins.   Contestant is the daughter of a cousin.   She

was named as beneficiary under a former will made in 1919. But there is nothing to show that she ever had any association with testator or that he had ever met her. The beneficiaries under the later will (which is the instrument in dispute) were Anna Gingerich and Edward Colby, respondents in this action. Mrs. Gingerich ran a rooming house, and testator roomed with her for a number of years. It is also apparent from the record that at an earlier time he had roomed with a daughter of Mrs. Gingerich. The only evidence that indicates any undue influence appears from statements made by the testator to neighbors at or near Farmer where he owned some property, to the effect that Mrs. Gingerich, whom he referred to as an old "hex," was always trying to get him to write something, which the witnesses inferred was a will. It is contended that the use of the word "hex" indicates the testator's dislike of Mrs. Gingerich. It is argued that the will is unnatural, in that testator ignored his relatives and gave his property to persons in no way related to him, and with whom he was not particularly friendly. We do not think the will is unnatural. Testator had no near relatives. While it may be more natural to give to relatives, however distant, than to give to strangers, it is not more natural to give to such relatives, where they are not acquainted or associated with testator, than it is to give to close friends and acquaintances, especially if such friends extend aid in time of need. To what extent Mrs. Gingerich and Colby were friends is not entirely clear, but testator had for a long time boarded with Mrs. Gingerich, and Colby was her son-in-law. Testator had money to pay his board wherever he chose to live, and apparently boarded where he did from choice. While he may have at times expressed dissatisfaction with his meals and with his room, he did not see fit to change. Occasional dissatisfaction with one's surroundings is not unnatural, but seems to be the common lot of all. There is some evidence that Mrs. Gingerich took care of testator as his needs required. Before we can say that the court erred in sustaining the will, we must say that the evidence preponderates against his findings. This we cannot do. We think the evidence was sufficient.

██ ██ As to the other question, it is contended that the attesting witness, Elizabeth M. Colby, was not qualified to sign as an attesting witness because the will gives to Edward Colby, her

husband, a $2,000 mortgage which Colby owed to testator. The mortgage and note secured were signed by Elizabeth M. Colby and her husband. It is argued that thereby Mrs. Colby became a beneficiary under the will, and for that reason was disqualified. Appellant reasons that the making of a will is a transaction between a testator and the attesting witnesses; and under section 2717, Rev. Code 1919, disqualifying any person who has or ever had any interest in the subject of the action, from testifying in civil actions by or against executors, administrators, heirs at law, or next of kin in which judgment may be rendered or order entered for or against them, such witness cannot testify to the execution of the will, and without her testimony the will cannot be proven. Section 638, Rev. Code 1919, however, provides:

"All beneficial devises, legacies or gifts whatever, made or given in any will to a subscribing witness thereto, are void, unless there are two other competent subscribing witnesses to the same."

This section is a special statute which must prevail over the general statute. The effect of the provision is to preserve the competency of the witness to testify by making attempted gifts to her void. Being void, she would have no interest, nor would she ever have had any interest, unless the will had two other competent subscribing witnesses, in which case she would not need to testify. The will involved in this case was witnessed only by Mrs. Colby and one other. It would be manifestly unfair to other beneficiaries to disqualify such witness so that the will could never be proven. We think that the purpose of section 638 is to avoid that contingency. No valid gift can be made in a will to such a witness. Therefore Mrs. Colby has never had any interest in the subject of the action, and is not disqualified. In thus disposing of the case we do not hold that the provision of the will disposing of the mortgage as it does is invalid. As to that we express no opinion.

The judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.