Timothy Joseph MERRITT, Appellant (Defendant below),

v.

Amy Jo MERRITT, Appellee (Plaintiff below).

No. 4938.

Supreme Court of Wyoming.

Nov. 14, 1978.

E. James Burke of Hanes & Gage, P. C., Cheyenne, signed the brief and appeared in oral argument on behalf of the appellant.

D. N. Sherard, Wheatland, signed the brief and appeared in oral argument on behalf of the appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

This appeal is from a decree by which a divorce was granted to the plaintiff-appellee dissolving her marriage to defendant-appellant. The trial court also awarded custody of a minor child to plaintiff and divided property of the marital estate. On appeal, defendant claims that the trial judge erred in awarding a mobile home to the plaintiff in trust for the benefit of the minor child placed in custody of the plaintiff. Defendant further alleges error in the failure of the trial judge to distribute the two acres of land upon which the mobile home was situated.

We will affirm the district court and dismiss the appeal to the extent defendant asserts rights of a third person not a party to the action.

The complaint for divorce, child custody and support, amongst the usual allegations, included a claim that the parties owned or acquired a double-wide mobile home contributed by Roy Merritt, father of the defendant, to be used by the parties as their home.

"* * * that the modular home was placed upon land contributed by W. J. Brown, the Plaintiff's father; that the said Roy Merritt transferred the title to the modular home to the said W. J. Brown with the understanding that Plaintiff and Defendant would reside in the home with their son, Daniel Lee Merritt, expected to be born; that the fathers agreed that if the marriage survived for a period of ten years, W. J. Brown agreed to convey the tract of land and the title to the home to Plaintiff and Defendant; that the fathers furthermore agreed that if the marriage did not survive for a period of ten years, W. J. Brown would convey title to the modular home and the tract of land to the Plaintiff so that she could maintain the same as a home for the child of the parties; and that the title to the modular home is unencumbered;"

Plaintiff's complaint prayed that she be awarded the double-wide modular home. No mention of the two acres of land on which the modular home was situated was contained in the prayer. Defendant's answer to the complaint denied the allegations with respect to the mobile home.

The only real issue before us concerns the mobile home. At the trial, W. J. Brown testified that in mid-1975 Roy Merritt came to the Brown residence and handed him notarized titles to the mobile home. No transferee's name there appeared.

"He gave this to me and said he wanted me to hold it. * * * I don't understand yet why I have it, but he said that if this marriage didn't work out, I was to hold these papers for 10 years and that at the end of that time give the title to the house to Amy and Tim. I would give them the title to this house along with title to 2 acres of land where the house was sitting, and his main concern was that if the marriage did not last, there was no reason specified if it did not last, that this house was to go to Amy and Danny so that she would have a place to raise Danny. His main concern was for his grandson."

At one point in the cross-examination, the defendant's attorney placed the testimony in his own words:

"MR. GAGE: So, what happened? Did Mr. Merritt just walk in and say here's the title to the house. I want you to hold it for 10 years. If the marriage doesn't succeed, the house is to go to Amy and Danny. Was that how it happened?

"A. [By W. J. Brown] Yes, you're awful close to it. Right."

The title documents (since it was a double unit, there was a separate title for each half) to the mobile home were introduced into evidence. There was no objection by defendant.

The testimony of Roy Merritt was received in the form of stipulated testimony:

"It is stipulated to between the plaintiff and defendant's counsel that if Mr. Roy Merritt were here to testify, he would testify that shortly after the marriage of the parties, Roy Merritt, father of the defendant, contributed a double wide modular home for the use of the plaintiff and defendant as their home, that the modular home was placed upon land contributed by W. J. Brown, the plaintiff's father; that the said Roy Merritt delivered title to the modular home to the said W. J. Brown with the understanding that the plaintiff and defendant would reside in the home with their son Daniel Lee Merritt, expected to be born; that the fathers agreed that if the marriage survived for a period of 10 years, W. J. Brown agreed to convey the tract of land and the title to the home to the plaintiff and defendant; that the fathers furthermore agreed that if the marriage did not survive for a period of 10 years for reason of the defendant's leaving the plaintiff, W. J. Brown would convey title to the modular home to the plaintiff so that she could maintain the same as a home for the child of the parties, and that title of the modular home as a home for the child of the parties; and that's then the end of the stipulation."

After the stipulation was entered into the record, W. J. Brown was recalled as a rebuttal witness to testify:

"Q. And you have just heard a stipulation read into the record. I believe that that stipulation confirms your previous testimony almost verbatim except for one phrase that was inserted, and the phrase inserted was—I will read the sentence, 'That the fathers furthermore agreed that if the marriage did not survive for a period of 10 years . . .' and then this language, '. . . for the reason that the defendant left the plaintiff, W. J. Brown would convey title to the modular home to the plaintiff so that she could maintain the home for the child.' Do you agree with Mr. Merritt's testimony that the condition was that if the marriage did not survive for a period of 10 years for the reason that the defendant left the plaintiff that then the property would be conveyed to the plaintiff and the child.

"A. I do not.

\* \* \* \* \* \*

"Q. What was said if anything?

"A. There was absolutely no stipulation to who left who. Only that if the marriage did not last 10 years that it would be conveyed to Amy to care for Danny.

"Q. Do you know whether or not the title to the mobile home was encumbered?

"A. I would say only to this year's present taxes which are due at the first of the year.

"Q. They are the taxes that are assessed to you now?

"A. Yes."

The trial court awarded the mobile home to the plaintiff as trustee for her son to use, or rental for income for his support or, if sold, interest on proceeds for support. In so doing, the trial judge stated that this was contrary to his normal procedure of looking to the source of marital property in making a division. He felt a deviation from his normal procedure was warranted by this situation where provision had to be made for the support of the child. It was evident to him that the defendant was unable to make child support payments in an adequate amount. Under such a distribution, it is apparent that defendant receives the benefit of the award of the mobile home to plaintiff, to the extent that it was applied by the trial judge to defendant's obligation to support his child. The district judge also provided that defendant pay $50 per month child support. In awarding child support payments, the judge stated:

"The child support definitely should be more than $50 a month, and I'm making it more in that the income from the mobile home trailer, or that if it does have to be sold at a later time, the income on the interest from it, either will go for child support. That's the reason it is as low as it is. Otherwise, it would not be as low as this."

No objection was made to the trial court's division of the marital estate, and defendant proposed no alternative distribution. Defendant's attorney did inquire about the trust the court had created.

"MR. GAGE: Your Honor, are you going to maintain continuing jurisdiction and require continuing reports from the trustee?

"THE COURT: I had hoped that wouldn't be necessary as long as the mobile home isn't sold. Now, if it is sold, then we would have to require it, but as long as it is not sold we won't require that. But, I feel it is just like a child support payment. It will go to her and she doesn't have to account in detail for what she is doing with it. * * *"

■ At the outset, we note that from the pleadings and from the course of proceeding it is clear that both the defendant and plaintiff invoked the jurisdiction of the district court to determine a division of the marital estate. Plaintiff's evidence tended to show that the mobile home should be awarded to her. Defendant's evidence, showing that the mobile home came to the marriage through the generosity of defendant's father, suggested that the mobile home should be awarded to him. When a party to a divorce suit invokes the action of the trial court in the determination of property rights, by submitting the matter in the pleadings and proof, such party cannot complain on appeal that the court had no authority to determine those rights. *Spahn v. Spahn*, 1945, 70 Cal.App.2d 791, 162 P.2d 53, 55; *Beauchamp v. Beauchamp*, 1936, 185 Wash. 598, 55 P.2d 1055; 27B C.J.S. Divorce § 299(7), p. 338.

■ Both of the parties held the mobile home out as an asset of the marital estate. It is the rights of these two parties to the mobile home that was determined by the trial court and nothing else. The evidence supports a contention that the mobile home was an asset of the marital estate, and we view the distribution of the mobile home as proper and within the discretion of the trial judge under the circumstances of this case. This court does not constitute itself as a court of the first instance to divide property in divorce cases. *Winterholler v. Winterholler*, Wyo.1971, 486 P.2d 232; *Kennedy v. Kennedy*, Wyo.1969, 456 P.2d 243, appeal after remand, 1971, 483 P.2d 516. It is clear that the trial judge gave ample concern to the derivation of the property in making his award. *Karns v. Karns*, Wyo.1973, 511 P.2d 955. We will not disturb a disposition of property made by a trial court except upon clear grounds. *Young v. Young*, Wyo.1970, 472 P.2d 784; *Kennedy v. Kennedy*, supra.

■ It is a matter of law well known that a court may not dispose of the interest of persons who are not parties to the action in which a disposition of property is made. In the case at bar, all that was decided is that, as between these two parties and assuming the mobile home to be an asset of the marital estate, the plaintiff was to take the mobile home in trust for her child. If someone else has an interest in the mobile home, that interest is unaffected by the division of property made by the trial court and ratified by this court. See, *In re Marriage of Hazard*, 1974, 17 Or.App. 229, 521 P.2d 29, 31; *Melny v. Melny*, 1949, 90 Cal. App.2d 672, 203 P.2d 588, 590; *Saylor v. Saylor*, 1929, Tex.Civ.App., 20 S.W.2d 229, 231.

■ It is a matter very clear from readily available and generally accepted authority what should have been done in this case if all the property rights in the mobile home were to be decided. Where a third party claims some property right in property that is the subject of a divorce property settlement, that third party may intervene in the divorce suit, or he may be joined by either party or by the court. See, Anno., "Propri-

ety of Consideration of, and Disposition As to, Third Persons' Property Claims in Divorce Litigation," 63 A.L.R.3d 373 (1973). If the matter of the property rights in the mobile home remains unsettled and clouded because all who claimed, or who may claim, an interest in it were not present in this suit, the parties have no one to blame but themselves.

■ As a general rule in divorce cases, as in most all other appellate situations, this court will review the evidence in a light which assumes the evidence of the successful party to be true, disregard the unsuccessful party's evidence entirely, and give the successful party's evidence every favorable inference which may be reasonably and fairly drawn therefrom. *Gill v. Gill*, Wyo. 1961, 363 P.2d 86; *Williams v. Williams*, 1951, 68 Wyo. 175, 231 P.2d 965.

■■ In the case at bar, if we view the plaintiff's evidence as true, the trial court is clearly justified in awarding the mobile home to her. Even if we view the evidence presented by defendant, it is apparent that he has absolutely no claim to the mobile home in question. Viewing the facts most favorable to him, the mobile home could only revert back to his father; but in no case is defendant entitled to the mobile home. In *Dukek v. Gross*, 1927, 36 Wyo. 30, 252 P. 789, this court cited with approval the following general rule:

> "It is necessary to a valid appeal or writ of error that appellant or plaintiff in error, even when a party, should have an interest in the subject-matter of the suit or controversy, and if he has no such interest, the rule is well settled that his appeal or writ of error will be dismissed." Id., at 252 P. 790. (Also see *Posvar v. Pearce*, 1928, 37 Wyo. 509, 263 P. 711, 713.)

Further, one who is not an aggrieved party cannot complain of a finding or judgment in a divorce proceeding as to property rights. *Britz v. Britz*, 1964, 95 Ariz. 247, 389 P.2d 123, 125; *Community State Bank v. Norman*, 1948, 119 Ind.App. 82, 82 N.E.2d 705, 706; *Brown v. Brown*, 1941, Tex.Civ. App., 152 S.W.2d 790, 794–795; *Cline v.*

*Cline*, 1935, 4 Cal.App.2d 626, 41 P.2d 588, 590; 27B C.J.S. Divorce § 299(7), p. 337.

■ Error can be asserted only by a party who is aggrieved or prejudiced by the alleged error. West's Pacific Digest, Appeal & Error, ⟜ ⟜151(1) and 151(2). Further, it is equally basic that the presence of an aggrieved party is a prerequisite to the exercise of appellate jurisdiction. *City and County of Denver v. Board of Directors of Castlewood Fire Protection District*, Colo. App.1976, 549 P.2d 1090, 1092; *Buchele v. Woods*, Tex.Civ.App.1975, 528 S.W.2d 95; *Boone v. Boone*, 1975, 27 N.C.App. 153, 218 S.E.2d 221, 222–223; *City of Indianapolis v. Indiana State Board of Tax Commissioners*, 1974, 261 Ind. 635, 308 N.E.2d 868, 869–870; *Niles v. City of San Rafael*, 1974, 42 Cal. App.3d 230, 116 Cal.Rptr. 733, 741; *Fierro v. Murphy*, 1973, 85 N.M.App. 179, 510 P.2d 112, 113; *Stubblefield v. Seals*, Mo.App. 1972, 485 S.W.2d 126, 129; *Harris v. Hoelzen*, 1971, 16 Ariz.App. 74, 491 P.2d 24, 25; *In re Estate of Griswold*, 1970, 13 Ariz.App. 218, 475 P.2d 508, 511. Even where the parties have not called such a jurisdictional matter to our attention, we are duty bound to inquire into the matter and dismiss the appeal if the record discloses a want of jurisdiction. *Wyoming State Treasurer, ex rel. Workmen's Compensation Dept. v. Niezwaag*, Wyo.1968, 444 P.2d 327, 328; *Gardner v. Walker*, Wyo.1962, 373 P.2d 598, 599.

■ Defendant asserts there was error committed by the trial court in that it failed to distribute the two acres of land on which the mobile home was situated. This issue was in no manner called to the attention of the trial court, and we will not consider it now on appeal. *Beckle v. Beckle*, Wyo.1969, 452 P.2d 205, 209.

■ We hold, therefore, that to the extent defendant seeks to assert rights to property in which he has no interest, the appeal is dismissed. In all other respects, the judgment of the district court is affirmed.

ROSE, J., concurred in the result.