In the Matter of the ESTATE OF Maude M. CAMPBELL, Deceased.

Minerva C. WATSON, Richard D. Dibble, and Dorothy A. Dibble, Appellants,

v.

Valaine Mae DAILEY, Appellee.

No. 83–50.

Supreme Court of Wyoming.

Dec. 14, 1983.

Alfred G. Kaufman, Jr., Lusk, for appellants.

Dennis C. Meier, Lusk, for appellee.

Bob C. Sigler, Torrington, for the estate.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

THOMAS, Justice.

The substantive issue presented by this appeal is whether beneficiaries of a codicil to the decedent's will who served as subscribing witnesses to the codicil are entitled to receive the bequests made to them by the codicil. There is a secondary jurisdictional issue premised upon an untimely filing of a proper notice of appeal as required by Rule 2.01, W.R.A.P. The district court held that the bequests to the beneficiaries who also were subscribing witnesses are of no effect and are void. We have concluded that this court does have jurisdiction to consider this appeal, and we shall affirm the holding of the district court, although on a different ground.

A closer examination by the parties of the underlying facts in all likelihood would have saved a good deal of legal and judicial time and effort. The question argued by the parties in their briefs is whether the district court properly applied the provisions of § 2–6–112, W.S.1977,[1] in holding that the bequests made to the appellants-Dibbles in the codicil to the will of the decedent which was executed on August 5, 1980, are void. The district court held that as subscribing witnesses the Dibbles could derive no benefit under this codicil because they were subscribing witnesses, and there

---

1. Section 2–6–112, W.S.1977, provides:

"Except as provided in the next section [§ 2–6–113], all wills to be valid shall be in writing, or typewritten, witnessed by two (2) competent witnesses and signed by the testator or by some person in his presence and by his express direction. If the witnesses are competent at the time of attesting the execution of the will, their subsequent incompeten-cy shall not prevent the probate and allowance of the will. No subscribing witness to any will can derive any benefit therefrom unless there are two (2) disinterested and competent witnesses to the same, but if without a will the witness would be entitled to any portion of the testator's estate, the witness may still receive the portion to the extent and value of the amount devised."

were not two other disinterested and competent witnesses to the codicil. In presenting their appeal the appellants urge upon this court the proposition that the appellant-Watson is a "disinterested and competent witness" to the execution of the codicil even though she was not a "subscribing witness," and that the codicil can be proved by her testimony. The effect, the appellants argue, is that the prohibition of § 2–6–112, W.S.1977, should not apply in this case. Had this codicil been executed in the State of Wyoming, the appellants' argument would be quite intriguing. It is clear from the record, however, that the codicil of August 5, 1980, to the last will and testament of the decedent, Maude M. Campbell, was executed at Edgemont, South Dakota. The same is true of the will of the decedent, Maude M. Campbell, which was executed on March 4, 1979. The affidavits of the subscribing witnesses, and the testimony of record, demonstrate that both documents were executed there.

■ We first then look to the provisions of § 2–6–104, W.S.1977, which provide:

"The meaning and legal effect of a disposition in a will is determined by the law of the state in which the will was executed, unless the will otherwise provides or unless the application of that law is contrary to the public policy of this state otherwise applicable to the disposition."

Neither the will nor the codicils provide that the law of any state other than South Dakota is to be controlling.[2]

We need not look extensively into the law of South Dakota to discover the solution to the question presented. Section 29–2–16, S.D. Codified Laws (1977), provides as follows:

"All beneficial devises, legacies, or gifts whatever, made or given in any will to a subscribing witness thereto, are void, unless there are *two other competent subscribing witnesses* to the same; but a mere charge on the estate of the testator

for the payment of debts does not prevent his creditors from being competent witnesses to the will." (Emphasis added.)

Section 29–2–17, S.D. Codified Laws (1977), provides as follows:

"If a witness to whom any beneficial devise, legacy, or gift, void by § 29–2–16 is made, would have been entitled to any share of the estate of the testator, in case the will should not be established, he succeeds to so much of the share as would be distributed to him, not exceeding the devise or bequest made to him in the will, and he may recover the same of the other devisees or legatees named in the will, in proportion to and out of the parts devised or bequeathed to them."[3]

■ The plain language found in § 29–2–15, S.D. Codified Laws (1977), is that bequests such as these to a subscribing witness to a will are void unless "there are two other competent subscribing witnesses." There were not two other competent subscribing witnesses in this case. There was only one, and the appellants concede that the appellant-Watson was not a subscribing witness. The thrust of *In re Engles' Estate,* 60 S.D. 608, 245 N.W. 399 (1932), and *In re Otting's Estate,* 57 S.D. 420, 233 N.W. 274 (1930), is that under the law of South Dakota the bequests to the appellants-Dibbles are void.

There remains to be disposed of the question of jurisdiction. The argument presented on behalf of the appellee pursuant to a Motion to Dismiss is that the appellant-Watson, as executrix of the estate, was not a party in interest by whom an appeal could be taken. The appellee argues that the time of the appellants-Dibbles to appeal was not extended by the notice of appeal filed by the appellant-Watson, and consequently there is no proper and timely notice of appeal which serves to invoke the jurisdiction of this court.

■ The applicable rules of appellate procedure provide in pertinent part as follows:

---

**2.** Codicils are governed by the same statutes as wills in both states. Section 29–2–1, S.D. Codified Laws (1977); § 2–1–301(a)(xxxiv), W.S. 1977.

**3.** The application of the South Dakota Statutes, because of their strong similarity to § 2–6–112, W.S.1977, does not violate the public policy of the State of Wyoming.

Rule 1.02, W.R.A.P.

"The timely filing of a notice of appeal is jurisdictional. * * * "

Rule 2.01, W.R.A.P.:

"An appeal, civil or criminal, permitted by law from a district court to the Supreme Court, shall be taken by filing a notice of appeal with the clerk of the district court within fifteen (15) days from entry of the judgment or final order appealed from and concurrently serving the same in accordance with the provisions of Rule 5, W.R.C.P., unless a different time is provided by law, except that: * * * (2) if a timely notice of appeal is filed by a party, any party may file a notice of appeal within fifteen (15) days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed herein, whichever period last expires. * * *

> \*       \*       \*       \*       \*       \*

"A notice of appeal, in a civil or criminal case, filed prematurely shall be treated as filed on the same day as entry of judgment or final order, provided it complies with Rule 2.02, W.R.A.P."

Rule 2.02, W.R.A.P.:

"The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or final order or part thereof appealed from; and shall name the court to which the appeal is taken."

It is, of course, essential to our jurisdiction that a timely notice of appeal be filed. Rules 1.02 and 2.01, W.R.A.P. The final decree of distribution and determination of heirship was entered by the probate court in this case on February 25, 1983. Appellant-Watson, the executrix of the estate, filed a notice of appeal on March 10, 1983, designating as the judgment being appealed from an earlier order entered August 24, 1982, which held that the bequest made to the appellants, Richard D. and Dorothy A. Dibble, in the codicil to the decedent's will must fail. A second notice of appeal, identical in all respects except that it was filed on behalf of the appellants-Dibbles, was filed on March 23, 1982.

■ This case is before the court for the second time. In the first instance we dismissed the appeal because the notice of appeal which had been filed in the district court by the appellants-Dibbles sought review of the August 24, 1982, order in which the court held that the bequests to them were void because they were subscribing witnesses. On that occasion the appellee also filed a notice of appeal. Upon examining the question of jurisdiction, the court on its own motion dismissed both appeals for the reason that the order sought to be reviewed was not a final order as contemplated by Rule 1.05, W.R.A.P., because further action in the probate court was required to complete the process of administration of the estate. In this regard the interlocutory order is quite like the order granting a partial summary judgment discussed in *Hayes v. Nielson,* Wyo., 568 P.2d 905 (1977). The August 24, 1982, order in which the court held the bequests to be void, like the order in *Hayes v. Nielson,* supra, became final upon the entry of the judgment or final order, in this instance the final decree of distribution and determination of heirship, and at that point became appealable. The ruling in *Hayes v. Nielson,* supra, was that the interlocutory order was not before the court on appeal only because the specificity of that notice of appeal did not include that order. In this instance the premature notice of appeal specifically refers to the August 24, 1982, order. Rule 2.01, W.R.A.P., was adopted subsequent to the decision in *Hayes v. Nielson,* supra. Had that rule been in effect at the time that case was before this court it would seem clear, in the light of *Board of County Commissioners of County of Campbell v. Ridenour,* Wyo., 623 P.2d 1174 (1981), rehearing denied 627 P.2d 163 (1981), that appeal of the interlocutory summary judgment order would have been permitted.

■ We do not reach the question of whether the notice of appeal filed by the appellant-Watson on March 10, 1983, was efficacious for the purpose of extending the time for the appellants-Dibbles to file their notice of appeal under Rule 2.01, W.R.A.P. That rule also provides, in the part control-

ling here, that a premature notice of appeal is treated as if filed on the same day as the judgment or final order is entered. On September 1, 1982, the appellants-Dibbles did file a notice of appeal addressed to the order entered August 24, 1982, and that notice of appeal, in accordance with Rule 2.01, W.R.A.P., is treated as filed prematurely, but as if filed on February 25, 1983, when the final decree of distribution and determination of heirship was entered by the court below. *Board of County Commissioners of Campbell County v. Ridenour,* Wyo., supra. The same effect could be given to the notice of appeal which the appellees filed on September 10, 1982, but the appellee has not presented brief or argument to this court with regard to any issues she wished to have reviewed. Consequently, any potential cross-appeal must be considered as having been abandoned.

■ With respect to the right of the appellant-Watson to appeal, in general, the party asserting error in the court below must have a sufficient and appropriate interest in the subject matter of the suit or controversy to be entitled to prosecute an appeal. *Merritt v. Merritt,* Wyo., 586 P.2d 550 (1978); and *Dukek v. Gross,* 36 Wyo. 30, 252 P. 789 (1927). By briefs to this court the appellee and the court-appointed attorney for the estate argue that the appellant-Watson, as executrix of the estate, cannot be aggrieved or prejudiced by the order sought to be appealed from, and does not have the kind of interest required to prosecute an appeal. It is the position of the appellee and the court-appointed attorney for the estate that the only role appellant-Watson has with respect to the administration of the estate of Maude M. Campbell is that of a disinterested stakeholder whose duty it was to deliver the residue of the estate to those persons designated by the court. They contend that she is not permitted to litigate conflicting claims on behalf of potential beneficiaries. See 16 A.L.R.3d 1274 (1967).

■ We previously have held, "any action whose plain or essential purpose is to get rid of a will—to effect a result contrary to the obvious intent of the testator—is an action to contest the will." *In re Hartt's Estate,* 75 Wyo. 305, 295 P.2d 985, 1015 (1956), quoting *Yeager v. Yeager,* 155 Kan. 734, 129 P.2d 242, 243 (1942). While the instant case is different from the traditional will contest case in which the validity of a document purporting to be the will of the decedent is contested, the practical effect of the holding by the probate court is tantamount to a judgment invalidating a portion of the decedent's will. As representative of the decedent, appellant-Watson has the sufficient requisite interest in attempting to effectuate the expressed intention of the decedent to justify the prosecution of the appeal in this case. Because the order of the probate court dated August 24, 1982, had the effect of frustrating the intention of the decedent, we conclude that the appellant-Watson had the requisite sufficient interest in her role as personal representative of the decedent which would justify the taking of the appeal.

■ Complaint also is made of the late filing of the docketing statement by the appellants contrary to Rule 2.03, W.R.A.P., and the failure to serve the notice of appeal by the appellants-Dibbles upon the court-appointed attorney for the estate. The late filing of a docketing statement has never been sufficient ground to justify the dismissal of the appeal in this court. The attorney for the estate did receive a copy of the notice of appeal of September 1, 1982, which we have treated as prematurely filed and efficacious in this instance. Consequently, it is impossible to discern any prejudice to the court-appointed attorney for the estate because of the failure to serve the last notice of appeal which we have not treated as efficacious. See *DS v. Department of Public Assistance and Social Services,* Wyo., 607 P.2d 911 (1980). While this court would be gratified if attorneys in this state would follow our rules, we do not find in this instance sufficient ground to dismiss the appeal.

The judgment of the probate court holding the bequests to the appellants-Dibbles void is affirmed.

BROWN, Justice, specially concurring.

I agree that the notice of appeal filed by appellants-Dibbles on September 1, 1982, was premature. Under Rule 2.01, Wyoming Rules of Appellate Procedure, this notice should be treated as being filed on February 25, 1983, the date the final Decree of Distribution and Determination of Heirship was entered by the district court. I also agree that the bequests to appellants-Dibbles were void.

I do not believe that it is necessary to the issue here to discuss the right of appellant-Watson to appeal, and therefore, do not join in that portion of the majority opinion.

ROONEY, Chief Justice, dissenting.

I would dismiss the appeal for failure on the part of a proper party to file a timely notice of appeal. A calendar of the pertinent filings is as follows:

8/24/82—Order holding codicil improperly executed.

9/1/82—Notice of Appeal by appellants-Dibbles from August 24, 1982 Order.

11/30/82—Mandate dismissing appeal as not being from final order.

2/25/83—Final Decree of Distribution and Determination of Heirship.

3/10/83—Notice of Appeal by appellant-Watson from final decree.

3/23/83—Notice of Appeal by appellants-Dibbles from final decree.

There can be no question but that the Notice of Appeal filed March 23, 1983 is beyond the fifteen day limit set in Rule 2.01, W.R.A.P.:

"An appeal * * * shall be taken by filing a notice of appeal * * * within fifteen (15) days from entry of the judgment or final order appealed from * * *."

The majority opinion would breathe life into the Notice of Appeal filed September 1, 1982 by application of the paragraph in Rule 2.01 which provides:

"A notice of appeal, in a civil or criminal case, filed prematurely shall be treated as filed on the same day as entry of judgment or final order, provided it complies with Rule 2.02, W.R.A.P."

The paragraph is not applicable to the September 1, 1982 Notice of Appeal inasmuch as such notice does *not* comply with Rule 2.02, W.R.A.P. Rule 2.02 provides:

"The notice of appeal shall *specify the judgment or final order or part thereof appealed from;* and shall name the court to which the appeal is taken." (Emphasis added.)

We have already determined that the order specified in such notice was not final. It does not specify the Decree of Distribution and Determination of Heirship. In other words, it fails to comply with Rule 2.02, W.R.A.P., and, thus, cannot be considered as filed pursuant to the quoted paragraph from Rule 2.01, W.R.A.P.

The March 10, 1983 Notice of Appeal was timely filed. However, it was filed by the executor of the estate, and the question is whether or not he is a proper party to file the appeal. The general rule is that:

" * * * such appeal is allowed usually only to a person aggrieved by the order, such as an heir, legatee, or devisee, and an administrator or executor is held not such a person entitled to appeal from the decree of distribution * * *." Annotation: Right of executor or administrator to appeal from order granting or denying distribution, 16 A.L.R.3d 1274, 1277 (1967).

The annotation then notes several exceptions to the rule and recites:

" * * * To generalize such exceptions, it may be fairly said that the executor or administrator may appeal from an order of distribution where such order affects the decedent's estate as a whole, apart from the conflicting interests of particular beneficiaries, or where a compliance with the order might subject the executor or administrator to personal liability. * * * " Id. at 1277.

The rule is there said to be "based on the fact that ordinarily an order of distribution is concerned with the conflicting claims of particular beneficiaries." Id. at 1277.

Bancroft's Probate Practice 2d, § 88, p. 204, words the proposition:

"It is generally recognized that executors and administrators acting in their repre-

sentative capacities are indifferent persons as between the real parties in interest, and consequently cannot litigate the conflicting claims of heirs or legatees at the expense of the estate. * * * "

The majority opinion approaches this situation as one which "is tantamount to a judgment invalidating a portion of the decedent's will" and which judgment "had the effect of frustrating the intention of the decedent." Of course, the resolution of any conflict between devisees or heirs of a will can result in a judgment "invalidating" part of it, and the intention of a testator can be expressed only in a properly executed will. To say that the decedent's intention was here frustrated is to say that the safeguards relative to attestation of a will frustrate his intentions. Such may happen, but it does so with the object of protection against fraud. If the witnesses do not meet the legislative requirements, how can the majority opinion conclude that the testator actually signed the codicil? The discussion of the merits of the appeal by the majority of the court supports the answer to this rhetorical question. In any event, the battle should be between the parties to be affected by it. The issue was not one which affected the entire estate as a whole *apart from conflicting interests* of beneficiaries, and it did not subject the executor to personal liability. The executor should remain neutral and not take part in an appeal or contest of the order of the probate court.

It is interesting to note that the attorney for the estate in this case acknowledges that appellant-Watson has no standing to file the appeal and is not aggrieved or prejudiced by the decree of distribution. He urges dismissal of the appeal. He was not even served with appeal documents.

The jugglery in this case dictates a dismissal of the appeal without any attention being given to the merits thereof.